# Exhibit 2

Form of Notice of Effective Date

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HMC/CAH CONSOLIDATED, INC., | ) | Case No.   11-44738-11 |
| CAH ACQUISITION COMPANY #1, LLC | ) | Case No.   11-44739-11 |
| CAH ACQUISITION COMPANY #2, LLC, | ) | Case No.   11-44740-11 |
| CAH ACQUISITION COMPANY #3, LLC, | ) | Case No.   11-44741-11 |
| CAH ACQUISITION COMPANY #4, INC., | ) | Case No.   11-44742-11 |
| CAH ACQUISITION COMPANY #5, LLC, | ) | Case No.   11-44743-11 |
| CAH ACQUISITION COMPANY 6, LLC, | ) | Case No.   11-44744-11 |
| CAH ACQUISITION COMPANY 7, LLC, | ) | Case No.   11-44745-11 |
| CAH ACQUISITION COMPANY 9, LLC, | ) | Case No.   11-44746-11 |
| CAH ACQUISITION COMPANY 10, LLC, | ) | Case No.   11-44747-11 |
| CAH ACQUISITION COMPANY 11, LLC, | ) | Case No.   11-44748-11 |
| CAH ACQUISITION COMPANY 12, LLC, | ) | Case No.   11-44749-11 |
| CAH ACQUISITION COMPANY 16, LLC, | ) | Case No.   11-44750-11 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | Chapter 11 |
| | ) | |

**NOTICE OF (A) OCCURRENCE OF THE EFFECTIVE DATE OF THE JOINT PLAN AND (B) PROCEDURES FOR THE FILING OF ADMINISTRATIVE CLAIMS AND APPLICATIONS FOR PAYMENT OF PROFESSIONAL FEES AND BAR DATES RELATED THERETO**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.  **Confirmation of the Joint Plan.**

HMC/CAH Consolidated, Inc. and 12 of its wholly-owned subsidiaries, debtors and debtors-in-possession in the above-captioned cases and identified in the paragraph below (collectively, the "Debtors"), hereby give notice that, on December [__], 2012 (the "Confirmation Date"), the Honorable Dennis R. Dow, United States Bankruptcy Judge, entered an order (the "Confirmation Order") [Docket No. ___] confirming the Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (As Modified) (as modified through the Confirmation Date, the "Joint Plan"), including certain Findings of Fact and Conclusions of Law with respect thereto. Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings set forth in the Joint Plan.

The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: HMC/CAH Consolidated, Inc. (6921); CAH Acquisition Company #1, LLC (d/b/a Washington County Community Hospital) (4473); CAH Acquisition Company #2, LLC (d/b/a Oswego Medical Center) (2041); CAH Acquisition Company #3, LLC (d/b/a Horton Community Hospital) (1827); CAH Acquisition Company #4, Inc. (d/b/a Drumright Regional Hospital) (0680); CAH Acquisition Company #5, LLC (d/b/a Hillsboro Community Hospital) (0149); CAH Acquisition Company 6, LLC (d/b/a I-70 Community Hospital) (4641); CAH Acquisition Company 7, LLC (d/b/a

**Error! Unknown document property name.**

Prague Community Hospital) (5335); CAH Acquisition Company 9, LLC (d/b/a Seiling Community Hospital) (1868); CAH Acquisition Company 10, LLC (d/b/a Yadkin Valley Community Hospital) (2520); CAH Acquisition Company 11, LLC (d/b/a Lauderdale Community Hospital) (0527); CAH Acquisition Company 12, LLC (d/b/a Fairfax Community Hospital) (0967); and CAH Acquisition Company 16, LLC (d/b/a Haskell County Community Hospital) (2420).

Pursuant to Section 1141(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the provisions of the Joint Plan and the Confirmation Order shall bind (i) the Debtors and their estates, (ii) the Reorganized Debtors, (iii) all holders of Claims against and Equity Interests in the Debtors that arose before or were filed as of the Effective Date, whether or not impaired under the Joint Plan, and whether or not, if impaired, such holders accepted the Joint Plan or received or retained any property under the Joint Plan, and (iv) each person acquiring property under the Joint Plan.

2. **Occurrence of the Effective Date of the Joint Plan.**

The Effective Date of the Joint Plan occurred on **[_____, _____]**.

3. **Bar Date for Administrative Claims.**

Requests for payment of Administrative Claims arising from the Petition Date through the Effective Date that were not otherwise accrued in the ordinary course of business must be filed with the Bankruptcy Court for the Western District of Missouri, 400 East Ninth Street, Kansas City, Missouri 64106 and served upon counsel to the Debtors, Husch Blackwell LLP, Attn: Mark T. Benedict, 4801 Main Street, Suite 1000, Kansas City, Missouri 64112 so as to actually be *received* on or before **[_____]** (the "Administrative Claims Bar Date"). Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the Administrative Claims Bar Date will be **forever barred, estopped and enjoined from asserting such Administrative Claims** against the applicable Debtor or Reorganized Debtor, their estates, successors, or their respective property, and such Administrative Claims will be deemed discharged as of the Effective Date.

Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim previously Allowed by Final Order of the Bankruptcy Court or paid or payable by the Debtors in the ordinary course of business. For the avoidance of doubt, the Administrative Claims Bar Date shall not apply to the postpetition ordinary course payment obligations of the Debtors. Notwithstanding the above, the Internal Revenue Service shall have an additional reasonable amount of time after the Debtors file their returns with respect to the pre-Effective Date periods within which to file Administrative Claims with respect to those returns.

Any person or entity asserting an Administrative Claim against more than one Debtor must file a separate request for payment of such Administrative Claim with respect to each such Debtor and identify the particular Debtor against which the Administrative Claim is asserted.

For the avoidance of doubt (and notwithstanding any indication on the Court's docket that "(ALL Pleadings to be filed in #11-44738)"), Administrative Claims asserted against an individual debtor must be filed in its individual bankruptcy proceeding, as below:

Any claim asserted against HMC/CAH Consolidated, Inc. must be filed in its bankruptcy proceeding, Case No. 11-44738.

**Error! Unknown document property name.**                                                         2

Any claim asserted against CAH Acquisition Company #1, LLC (Washington County Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44739.

Any claim asserted against CAH Acquisition Company #2, LLC (Oswego Medical Center) must be filed in its bankruptcy proceeding, Case No. 11-44740.

Any claim asserted against CAH Acquisition Company #3, LLC (Horton Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44741.

Any claim asserted against CAH Acquisition Company #4, Inc. (Drumright Regional Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44742.

Any claim asserted against CAH Acquisition Company #5, LLC (Hillsboro Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44743.

Any claim asserted against CAH Acquisition Company 6, LLC (I-70 Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44744.

Any claim asserted against CAH Acquisition Company 7, LLC (Prague Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44745.

Any claim asserted against CAH Acquisition Company 9, LLC (Seiling Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44746.

Any claim asserted against CAH Acquisition Company 10, LLC (Yadkin Valley Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44747.

Any claim asserted against CAH Acquisition Company 11, LLC (Lauderdale Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44748.

Any claim asserted against CAH Acquisition Company 12, LLC (Fairfax Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44749.

Any claim asserted against CAH Acquisition Company 16, LLC (Haskell County Community Hospital) must be filed in its bankruptcy proceeding, Case No. 11-44750.

> **All Administrative Claims must be filed <u>against the appropriate Debtor</u> and filed <u>in the appropriate Debtor's bankruptcy proceeding</u> with the Clerk of the Bankruptcy Court for the Western District of Missouri, 400 East Ninth Street, Kansas City, Missouri 64106 and served upon counsel to the Debtors, Husch Blackwell LLP, Attn: Mark T. Benedict, 4801 Main Street, Suite 1000, Kansas City, Missouri 64112 so as to actually be *received* on or before [_____]**

**Error! Unknown document property name.**   3

4. **Deadline for Professional Claims.** Each professional person or firm retained with approval by order of the Bankruptcy Court or requesting compensation in the Chapter 11 Cases pursuant to sections 330, 331 or 503(b) of the Bankruptcy Code, with the exception of any ordinary course professionals retained by the Debtors pursuant to an order of the Court (a "Professional"), must file an application for an allowance of final compensation and reimbursement of expenses in the Chapter 11 Cases incurred through the Effective Date (a "Final Fee Application") on or before [_____]. Such application must be filed with the Bankruptcy Court for the Western District of Missouri, 400 East Ninth Street, Kansas City, Missouri 64106 and served upon counsel to the Debtors, Husch Blackwell LLP, Attn: Mark T. Benedict, 4801 Main Street, Suite 1000, Kansas City, Missouri 64112 and must comply with the applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable order of the Bankruptcy Court.

5. **Copies of Joint Plan and Confirmation Order.** Any party-in-interest who wishes to obtain a copy of the Joint Plan, any Exhibits or Schedules to the Joint Plan, or the Confirmation Order may contact counsel for the Debtors at the HMC/CAH Consolidated Bankruptcy Information Hotline (1-800-795-7290) or HMCRestructuring@huschblackwell.com. All documents are also available for a fee via PACER at https://ecf.mowb.uscourts.gov/. In addition, all documents that are filed with the Bankruptcy Court may be reviewed during regular business hours (9:00 a.m. to 4:00 p.m. weekdays, except legal holidays) at the office of the Clerk, United States Bankruptcy Court for the Western District of Missouri 400 E. 9th Street Room 1510, Kansas City, Missouri 64106.

Dated: [_____] [__],[_____]
       Kansas City, Missouri

|  |  |
|---|---|
|  | HUSCH BLACKWELL LLP |
|  | Mark T. Benedict           #44621 |
|  | Marshall C. Turner         #58053 |
|  | Matthew Gartner            #64320 |
|  | 4801 Main Street, Suite 1000 |
|  | Kansas City, Missouri 64112 |
|  | Telephone: (816) 983-8000 |
|  | Facsimile: (816) 983-8080 |
|  | mark.benedict@huschblackwell.com |
|  | marshall.turner@huschblackwell.com |
|  | matthew.gartner@huschblackwell.com |
|  | *Attorneys for the Debtors and Debtors-in-Possession* |
|  | HMC/CAH Consolidated Bankruptcy Information: |
|  | Toll Free: (800) 795-7290 |
|  | Email: HMCRestructuring@huschblackwell.com |