# Exhibit 4

Modifications to Joint Plan with respect to the treatment of the holder of the
CAH 11 Class 1B CFG Community Bank Secured Claim

# Exhibit 4

Amendments to Joint Plan Regarding Allowed Secured Claim of CFG Community Bank:

1.      Section 1.14 of the Joint Plan shall be deleted in its entirety and the following provisions inserted in lieu thereof:

1.14.01   **CFG Bank** means CFG Community Bank.

1.14.02   **CFG Bank Loan** means the $2,502,710.00 loan that CFG Bank extended to CAH 11, as evidenced by, among other things: (a) that certain *Loan Agreement*, dated March 31, 2010, by and between CAH 11 and CFG Bank (the "CFG Loan Agreement"); and (ii) a *Promissory Note*, dated March 31, 2010, executed and delivered by CAH 11 to the order of CFG Bank in the original principal amount of $2,502,710.00 (the "CFG Note").

1.14.03   **CFG Loan Documents** means, collectively, the CFG Loan Agreement, the CFG Note, the CFG Subordination Agreement (as hereafter defined), and all other agreements, guaranties, mortgages, deeds of trust, security agreements, UCC financing statements, instruments and other documents executed and/or delivered with, to or in favor of CFG Bank in connection with the CFG Bank Loan.

1.14.04   **CFG Collateral** means all assets of CAH 11 which now or hereafter serve as security for the indebtedness and obligations owed to CFG Bank under the CFG Loan Documents, the Allowed CFG Secured Claim and the Joint Plan.

2.      Section 1.15 of the Joint Plan shall be deleted in its entirety and the following provisions inserted in lieu thereof:

1.15.01   **Allowed CFG Secured Claim** means the Secured Claim of CFG Bank in the CAH 11 case, which shall be deemed to be an Allowed Secured Claim in the amount of not less than $2,507,089.74, as of the Petition Date, plus all post-petition interest, attorneys' fees, expenses and other amounts owed to CFG Bank that have accrued or may hereafter accrue pursuant to the CFG Loan Documents (but excluding default interest and any late payment penalty).

3.      Section 5.97(b) of the Joint Plan shall be deleted in its entirety and the following language inserted in lieu thereof:

(b)     Treatment.  The CFG Bank Loan matured at the end of March, 2012. CFG Bank has agreed to extend the maturity date of the CFG Loan with Reorganized CAH 11 for a term 36 months from the Effective Date of the CAH 11 Plan.

(i) <u>Interest Rate</u>. Interest shall accrue on the unpaid principal balance of the obligations comprising the Allowed CFG Secured Claim until paid in full at the fixed annual rate of interest of Six and One-Quarter Percent (6.25%) per annum or such other interest rate as may be agreed to by CFG Bank and Reorganized CAH 11.

(ii) <u>Monthly Principal and Interest Payments</u>. Commencing on the first (1st) day of the month following the Effective Date, unless such Effective Date is the first (1st) day of a month in which case on the Effective Date, and continuing on the same calendar day of each succeeding month thereafter up to and including the 35th month following the Effective Date, Reorganized CAH 11 shall tender to CFG Bank, in immediately available funds, level monthly payments of principal and interest with respect to the obligations comprising the Allowed CFG Secured Claim based on a 20 year amortization schedule, when and as each such payment comes due and calculated utilizing the interest rate provided for in Section 5.97(b)(i) above.

(iii) <u>Additional Monthly Payments</u>. In addition to the monthly payments described above, following the Effective Date Reorganized CAH 11 shall tender to CFG Bank, in immediately available funds, the monthly payments called for in Schedule 5.97(b) attached hereto, when and as each such monthly payment comes due under Schedule 5.97(b). Commencing on the Effective Date, Reorganized CAH 11 shall also pay CFG Bank's Allowed Section 506(b) fees and expenses in 36 equal monthly installments. With respect to CFG Bank's Allowed Section 506(b) fees and expenses, the Debtors agree that the post-petition interest accrual at the non-default interest rate shall be allowed.

(iv) <u>Other Interim Payments</u>. Reorganized CAH 11 shall continue to tender to CFG Bank, in immediately available funds, such additional payments identified in the CFG Loan Documents to fully fund all escrow amounts necessary to satisfy insurance, taxes and any other escrow items called for in the CFG Loan Documents when and as each such payment comes due thereunder.

(v) <u>Final Payment</u>. On or before the 1st day of the 36th month after the Effective Date, Reorganized CAH 11 shall tender to CFG Bank, in immediately available funds, a payment equal to all indebtedness that is owed at that time to CFG Bank with respect to the obligations comprising the Allowed CFG Secured Claim, including, without limitation, all principal, accrued and unpaid interest, and all costs, expenses, attorneys' fees and other sums owed to CFG Bank under or in connection with the CFG Loan, the CFG Loan Documents and the Allowed CFG Secured Claim.

(vi) <u>CFG Bank Liens</u>. Until such time as all indebtedness and obligations owed to CFG Bank under the CFG Loan Documents and this Plan have been paid in full, CFG Bank shall retain all of its liens and security interests in and to the CFG Collateral and shall be granted certain additional liens and security interests in the assets of Reorganized CAH 11 as may be agreed to by CFG Bank and Reorganized CAH 11.

(vii) Rights and Remedies. Except as modified by the Joint Plan, the terms and conditions of the CFG Loan Documents are incorporated herein by reference and made a part hereof as if fully set forth herein. Except as modified by the Joint Plan, all terms and conditions of the CFG Loan Documents shall remain unchanged, in full force and effect and are hereby ratified and confirmed by the parties hereto in all respects. CFG Bank shall retain all of its rights and remedies under the CFG Loan Documents, the CFG Subordination Agreement, and applicable law.

(viii) Modification Agreement. CAH 11 and/or Reorganized CAH 11 shall execute and deliver to CFG Bank a Modification Agreement and such other documents as CFG Bank, in its sole and absolute discretion, may reasonably request under or in connection with the CFG Loan Documents, this Joint Plan or the Confirmation Order, for the purpose of modifying or amending the CFG Loan and CFG Note to reflect the various terms and conditions set forth herein.

(ix) Failure of Effective Date. To the extent the Plan fails to become effective pursuant to Section 10.03 of the Plan, any payments made to CFG Bank after the confirmation hearing on the Plan shall be treated as adequate protection payments.

**4. With respect to the alleged HHI Secured Claim against CAH 11, the following shall replace Section 5.98(b) of the Joint Plan and a new Subsection (c) shall be added to Section 5.98 as set forth below:**

(b) <u>Treatment</u>: On the Effective Date, or as soon thereafter as is reasonably practicable, and subject to the terms of the HHI Settlement Agreement and the limitations and restrictions contained in Section 11.13(b) herein, Reorganized CAH 11 shall commence monthly interest payments on the HHI obligations allocated to CAH 11 based upon the Allocated Amount of principal at CAH 11 of $1,600,000 at a fixed rate of 6% without prepayment penalties. Monthly principal payments shall be paid to HHI on the Allocated Amount from other Debtors on an amortization of eight (8) years. The principal balance for the calculation of interest payable by CAH 11 may be adjusted from time-to-time based on payments from other Debtors as provided above. Subject to Section 11.13(b), at such time as the secured claim of CFG Bank shall have been paid in full or as may otherwise be agreed by CFG Bank in writing, HHI may receive principal and interest payments from CAH 11. HHI shall retain its Prepetition liens and shall be granted certain additional liens and security interests in CAH 11, which additional liens and security interests shall be junior in priority to the Allowed CFG Secured Claim as more fully set forth in Section 11.13(b). HHI's treatment under the Plan is expressly subject to the terms and conditions of the HHI Settlement Agreement (including, without limitation, HHI's agreement to support, and vote all of its Claims to accept, the Plans) as detailed in Section 11.13 below.

(c) The treatment provided HHI under this Section 5.98 shall be subject to the limitations related to CAH 11 and the CFG Subordination Agreement set forth in Section 11.13(b).

5. **With respect to the alleged HHI Secured Claim against CAH 11, the Section 11.13 will be revised to renumbered the existing language as subsection (a). The following paragraph in existing Section 11.13 shall be deleted:**

Pursuant to the HHI Settlement Agreement, HHI acknowledges and ratifies the existing CFG Subordination Agreement (included as an exhibit to the Plan Supplement and to be incorporated into the Confirmation Order) and further agrees to enter into a new subordination agreement on no less favorable terms than the existing CFG Subordination Agreement in the event that a replacement lender to CFG refinances the CFG Bank Loan and such subordination is required as a condition of such refinancing.

**The following shall be added as a new Subsection (b) to Section 11.13 of the Joint Plan:**

(b) Special Provisions relating to CFG Bank and CAH 11:

Prior to the Petition Date, HHI, as "Subordinated Lender," and CFG Bank, as "Senior Lender", entered into the CFG Subordination Agreement, dated as of March 31, 2010, in order to set forth the relative rights and priorities of CFG Bank's senior secured liens and HHI's junior security interests vis-à-vis CAH 11. A true and correct copy of the CFG Subordination Agreement is attached hereto as **Exhibit 5.98(a)** and incorporated by reference herein.

HHI hereby irrevocably acknowledges, ratifies and confirms that: (a) HHI executed and delivered the CFG Subordination Agreement in favor of CFG Bank prior to the Petition Date; (b) all of the terms, covenants and conditions of the CFG Subordination Agreement are incorporated by reference into the Debtors' Plans as if fully set forth herein; (c) any and all security interests and liens that HHI purports to have against CAH 11, whether arising prepetition or post-petition, are and shall remain junior in priority to all of CFG Bank's liens and security interests in the CFG Collateral and any other assets of CAH 11; (d) all of the terms, covenants and conditions of the CFG Subordination Agreement are valid and enforceable, and shall continue to remain in full force and effect with respect to CFG Bank's Senior Loan and HHI's Subordinated Loan (as defined in the Subordination Agreement); (d) HHI is absolutely and unconditionally bound by, and shall strictly comply with, all of the terms, covenants and conditions of the Subordination Agreement.

With respect to the $5,000,000.00 HHI Secured Claim, HHI will receive an allocated secured claim in the amount of $1,600,000.00 against CAH 11. HHI's allocated Secured Claim against CAH 11 shall be junior in priority to the Allowed CFG Secured Claim. Provided there is no default on the obligations owed to CFG Bank under the CFG Loan Documents, the Joint Plan or the Confirmation Order, CAH 11 shall be authorized to make interest payments to HHI on the allocated secured claim pursuant to the Plan based on 6% interest amortized over 8 years. HHI will also be allowed to have a lien and security interest in junior priority position to CFG Bank on the personal property assets of CAH 11 commensurate with UCC Financing Statement No. 2010 1443559 filed

with the Delaware Department of State as such statement may be continued from time-to-time. If the Plan does not become effective pursuant to Section 10.3, then the Debtors, HHI and CFG Bank each reserves their respective rights under the CFG Subordination Agreement and nothing contained in this Plan shall be admissible or constitute an admission by any party.

Notwithstanding anything to the contrary set forth herein, the CFG Subordination Agreement shall continue to govern and control CFG Bank and HHI's respective rights to any payments to be made by CAH 11 under this Plan. In the event of a default under the Plan or an "Event of Default" or "Default" under the CFG Loan Documents (as defined therein), CFG Bank, immediately thereafter, shall be immediately entitled to exercise and enforce all of its rights and remedies under the CFG Subordination Agreement, the other CFG Loan Documents, applicable law and otherwise with respect to the CFG Collateral and any payments that are owed at that time by CAH 11 to HHI under this Plan.

HHI shall execute and deliver to CFG Bank and any of CFG Bank's successors or assigns (collectively, the "CFG Bank Parties") such other and further documents as the CFG Bank Parties may request to carry out the terms and conditions of the CFG Subordination Agreement, all in a form and substance acceptable to the CFG Bank Parties.

The restrictions contained in this Section 11.13(b) relate to CAH 11 only. Nothing contained in this subsection 11.13(b) shall restrict or prohibit any other Debtor from making payments to HHI pursuant to the HHI Settlement Agreement and HHI shall be entitled to retain any such payment made pursuant to the Joint Plan. For the avoidance of doubt, even if there is a default under the Joint Plan's treatment of CFG Bank, HHI shall continue to have the right to receive and retain payments after such a default from any other Debtor except CAH 11.

**6.     Section 10.01(a) of the Second Amended Plan shall be amended as follows:**

10.01(a) The Confirmation Order, in a form and substance acceptable to the Debtors, the Committee, HHI, CFG Bank, and the Participating New Equity Owners, shall have been entered and is a Final Order.

KCP-4273512-12

  **7. Section 10.02 of the Joint Plan shall be deleted in its entirety and the following language inserted in lieu thereof:**

  10.02 *Waiver of Conditions Precedent.* To the extent practicable and legally permissible, the conditions precedent in Sections 10.01(b), (c), (d), and (e) may be waived, in whole or in part, only with the approval of the Debtors. Any such waiver of a condition precedent in Sections 10.01(b), (c), (d), and (e) may be effected at any time by filing a notice thereof with the Bankruptcy Court. Notwithstanding the foregoing, Sections 10.01(a) hereof shall not be waived or modified by CAH 11 without the consent of the Committee, HHI, and CFG Bank.

Schedule 5.97(b)

| Payment Month | Additional Principal Payment |
|---:|---:|
| 1 | $3,462.90 |
| 2 | $3,480.21 |
| 3 | $3,497.61 |
| 4 | $3,515.10 |
| 5 | $3,532.68 |
| 6 | $3,550.34 |
| 7 | $3,568.09 |
| 8 | $3,585.93 |
| 9 | $3,603.86 |
| 10 | $3,621.88 |
| 11 | $3,639.99 |
| 12 | $3,658.19 |
| 13 | $3,676.48 |
| 14 | $3,694.86 |
| 15 | $3,713.34 |
| 16 | $3,731.90 |
| 17 | $3,750.56 |
| 18 | $3,769.32 |
| 19 | $3,788.16 |
| 20 | $3,807.10 |
| 21 | $3,826.14 |
| 22 | $3,845.27 |
| 23 | $3,864.50 |
| 24 | $3,883.82 |
| 25 | $3,903.24 |
| 26 | $3,922.75 |
| 27 | $3,942.37 |
| 28 | $3,962.08 |
| 29 | $3,981.89 |
| 30 | $4,001.80 |
| 31 | $4,021.81 |
| 32 | $4,041.92 |
| 33 | $4,062.13 |
| 34 | $4,082.44 |
| 35 | $4,102.85 |